**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: _____1:21-cv-23463_____

**JACQUELINE CORREA,**

　　*Plaintiff*,

vs.

**PILLPACK LLC,**

　　*Defendant*.

_____/

**VERIFIED COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff JACQUELINE CORREA, through her counsel, sues Defendant PILLPACK LLC, a Delaware limited liability company, and in support thereof alleges as follows:

**JURISDICTION AND VENUE**

1.　Plaintiff brings this action against PillPack for sex and/or pregnancy discrimination in the workplace in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, ("Title VII") including the Pregnancy Discrimination Act of 1978 ("PDA"), which is a part thereof, and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et seq.*, as amended ("FCRA"), and also asserts other causes of action under common law.

2.　This Court has original jurisdiction over this civil action pursuant, among other things, to 28 U.S.C. §§ 1331 and 1343(a)(4). The Court also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

3.　Plaintiff JACQUELINE CORREA ("Plaintiff" or "Ms. Correa") is a resident of Broward County, Florida, and is competent to bring this action.

4. Defendant PILLPACK LLC ("PillPack") is a foreign corporation incorporated in Delaware, and is *sui juris.* It is headquartered in Manchester, New Hampshire and lists its principal place of business with the Florida Division of Corporations as 410 Terry Avenue North, Seattle, Washington 98109. It is authorized to do business in Florida.

5. Venue in the Southern District of Florida is proper because the workplace in which the unlawful practices were committed is located in the Southern District of Florida.

6. All conditions precedent to bringing this action, if any, have occurred, have been waived, or would be a useless act and are accordingly waived.

7. Plaintiff is entitled to recover reasonable attorneys' fees and costs from the Defendant, including but not limited to the provisions set forth in Title VII and the PDA; and the FCRA.

8. Plaintiff has retained the undersigned law firm to represent her in this action, and has agreed to pay a reasonable fee.

**GENERAL ALLEGATIONS**

9. PillPack is an online retail pharmacy that is a subsidiary of the Internet retailer, Amazon. It is also known and/or marketed as "Amazon Pharmacy" and "PillPack by Amazon Pharmacy."

10. PillPack delivers medications to consumers, including through pre-sorted packets by time of day as well as in bottles, along with other pharmacy items like eye drops, creams, insulin, and inhalers, among other things.

11. Plaintiff has a Bachelor of Science in organic chemistry from Barry University in Miami Shores, Florida, and a Master of Science in chemistry and pharmaceutical sciences from Nova Southeastern University in Fort Lauderdale, Florida.

12. During the relevant time of this case, Plaintiff was employed as a manager at PillPack's facility in Miami, Florida.

13. In 2020, Plaintiff and several other co-workers traveled to Austin, Texas for a business trip.

14. While in Texas, one or more of Plaintiff's co-workers got into an automobile accident in a company-provided rental car, after they consumed alcohol at dinner (the "Accident").

15. Plaintiff did not drink any alcohol on that trip, and she was not involved in the Accident.

16. Plaintiff later discussed with her supervisor at PillPack what had happened with regard to the Accident.

17. During the discussions between Plaintiff and supervisor, Plaintiff also explained that her co-workers involved in the Accident had also been participating in other inappropriate conduct, including, for example, racially inappropriate statements.

18. Plaintiff's supervisor was unhappy with Plaintiff's reports.

19. Upon information and belief, one of the reasons Plaintiff's supervisor was unhappy was that he was friendly with the participants in the Accident, and he was unhappy that Plaintiff's reports caused disciplinary inquiries into those individuals.

20. During these discussions, Plaintiff informed her supervisor that she was pregnant.

21. Plaintiff's supervisor retaliated against Plaintiff for the Accident having occurred, despite Plaintiff not being involved with the Accident.

**Manual Labor Unsafe for a Pregnant Woman**

22. Thereafter, Plaintiff's supervisor required Plaintiff to perform manual labor, including but not limited to moving heavy boxes in PillPack's warehouse facility, including those in excess of 20 lbs., packing boxes to be shipped to consumers, printing shipping labels, and standing on her feet for hours at a time, among other things.

23. Plaintiff's supervisor also extended Plaintiff's workdays by several hours each.

24. None of these things were part of Plaintiff's job responsibilities. Yet, Plaintiff's supervisor nevertheless required Plaintiff to perform such duties, and did so because he knew that Plaintiff was pregnant.

25. Plaintiff requested to sit and that she not be forced to move heavy objects. In response, Plaintiff's supervisor told her Amazon is not a sitting company and that he expected her on the floor running the shift, building boxes, and pulling and pushing carts over 20 lbs.

26. Plaintiff told her supervisor she needed to speak to her doctor because she was concerned about, among other things, lifting items over 20 lbs. and standing on her feet all day. In response, Plaintiff's supervisor told Plaintiff she needed to request paid time off and it required a week's notice.

27. Performing her new job duties caused Plaintiff heavy bleeding, severe belly pains, and cramps.

28. Plaintiff's cervix was impacted, causing Plaintiff's doctor to be concerned that Plaintiff would have a miscarriage.

29. As a result, Plaintiff's doctor ordered her to go on bedrest and prescribed her medication including but not limited to Progesterone.

30. Plaintiff continued to experience issues thereafter during pregnancy and continuing after birth.

31. Plaintiff's child has experienced complications as well.

32. These working conditions were not appropriate for someone in Plaintiff's position of employment and constituted adverse employment actions.

33. And, most importantly, these working conditions were not appropriate for a pregnant woman.

## Other Discriminatory Conduct

34. After learning of Plaintiff's pregnancy, Defendant also discriminated against Plaintiff in other ways.

35. Plaintiff became the subject of gossip, intimidation, and other forms of harassment in the workplace.

36. Plaintiff was subjected to meetings with her supervisor and PillPack/Amazon human resources personnel, in which Plaintiff was reprimanded because, according to her employer, she did not report the Accident quickly enough, she should have taken the keys from her co-workers' hands, and she was being evaluated on the behavior and performance of her co-workers involved in the Accident.

37. Plaintiff's supervisor told Plaintiff it made him sad that Plaintiff's co-worker was fired over the incident relating to the Accident.

38. On other occasions, Plaintiff's supervisor yelled at Plaintiff, resulting in her feeling threatened and intimidated, and resulting in Plaintiff crying.

39. Due to her pregnancy, Plaintiff sometimes needed to excuse herself to the restroom at the workplace. However, when she would do so, there would frequently be

knocks on the door, for her to finish more quickly. As a result, Plaintiff began to use the restrooms at neighboring buildings. Plaintiff notified PillPack/Amazon's human resources department of this issue, and was told she should consider working the night shift.

40. Defendant, through its agents, harassed Plaintiff, cancelled her training, changed her job duties, impugned her reputation to her peers, communicated with her at inappropriate hours after work, wrongly accused her of not doing her job, and wrongly accused her of leaving work early.

41. Plaintiff addressed numerous complaints to Amazon's Regional Operations Manager ("ROM"), who told her that Amazon is a hard company for women to work for and that she (the ROM) cries at home to her husband wanting to quit Amazon because of the hostile work environment.

42. Upon information and belief, Plaintiff's supervisor has since been promoted, and now serves as a Senior Supply Chain Manager for Amazon at its headquarters in the Seattle, Washington area.

## EEOC Charge

43. Plaintiff's superiors at PillPack were at all relevant times aware that Ms. Correa was pregnant when taking discriminatory actions toward her.

44. Ms. Correa would not have been subjected to any adverse employment actions had she not been a woman and/or pregnant and everything else had been the same.

45. Alternatively, at a minimum, unlawful discrimination was at least one of the reasons for the adverse actions against Plaintiff, and Defendant, at best, possessed mixed motives.

46. Ms. Correa timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Florida Commission on Human Relations.

47. The EEOC issued Ms. Felder a Notice of Right to Sue on August 25, 2021.

## COUNT I

### SEX AND PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE PREGNANCY DISCRIMINATION ACT OF 1978

48. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 47 as if fully set forth herein.

49. Plaintiff belongs to a protected class, due to her sex. Additionally, Plaintiff belongs to a class specifically protected in that she was pregnant at the time she experienced adverse employment actions.

50. Defendant unlawfully discriminated against Plaintiff by taking adverse employment actions against her due to her sex and specifically on the basis of pregnancy.

51. Plaintiff suffered as a result of these adverse employment actions.

52. Defendant treated similarly situated, non-pregnant employees more favorably than Plaintiff.

53. Defendant had no legitimate business reason for its discriminatory behaviors and actions against Plaintiff.

54. Defendant had no legitimate business reason for taking adverse actions against Plaintiff.

55. Alternatively, if Defendant did have any legitimate business reason(s) to take any of the aforementioned adverse actions against Plaintiff, then discrimination was

at least an additional reason for the aforementioned adverse actions against Plaintiff, and Defendant, at best, possessed mixed motives.

56.     In discriminating against Plaintiff, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

57.     As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff JACQUELINE CORREA demands judgment against Defendant PILLPACK LLC, for all allowable remedies (equitable and/or at law) pursuant to Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978, all allowable compensatory damages, liquidated damages, damages for emotional distress, mental anguish, and loss of dignity; and punitive damages; attorneys' fees; taxable costs allowable by law; prejudgment and post-judgment interest; and such other and further relief as this Court deems just and proper.

## COUNT II

### SEX AND PREGNANCY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

58.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 47 as if fully set forth herein.

59.     Plaintiff belongs to a protected class, due to her sex. Additionally, Plaintiff belongs to a class specifically protected in that she was pregnant at the time she experienced adverse employment actions.

60.     Defendant unlawfully discriminated against Plaintiff by taking adverse employment actions against her due to her sex and specifically on the basis of pregnancy.

61. Plaintiff suffered as a result of these adverse employment actions.

62. Defendant treated similarly situated, non-pregnant employees more favorably than Plaintiff.

63. Defendant had no legitimate business reason for its discriminatory behaviors and actions against Plaintiff.

64. Defendant had no legitimate business reason for taking adverse actions against Plaintiff.

65. Alternatively, if Defendant did have any legitimate business reason(s) to take any of the aforementioned adverse actions against Plaintiff, then discrimination was at least an additional reason for the aforementioned adverse actions against Plaintiff, and Defendant, at best, possessed mixed motives.

66. In discriminating against Plaintiff, Defendant acted with malice and reckless disregard for Plaintiff's statutorily protected rights.

67. As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff JACQUELINE CORREA demands judgment against Defendant PILLPACK LLC, for all allowable remedies (equitable and/or at law) pursuant to the Florida Civil Rights Act of 1992, all allowable compensatory damages, liquidated damages, damages for emotional distress, mental anguish, and loss of dignity; and punitive damages; attorneys' fees; taxable costs allowable by law; prejudgment and post-judgment interest; and such other and further relief as this Court deems just and proper.

## COUNT III

## INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

68. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 47 as if fully set forth herein.

69. Defendant intentionally inflicted severe emotional distress upon Plaintiff.

70. In forcing Plaintiff to perform, while pregnant, manual labor and other physically strenuous activities, outside the parameters of the job for which she was hired, Defendant engaged in conduct that was intentional or reckless, and which it knew or should have known would lead to severe emotional distress to Plaintiff.

71. Defendant's conduct was outrageous, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community.

72. Defendant intended that its conduct would cause Plaintiff severe emotional distress.

73. Defendant's conduct caused severe emotional distress to Plaintiff.

74. Plaintiff's supervisor's actions that constituted intentional infliction of emotion distress against Plaintiff were made within the course and scope of his agency with Defendant, thereby subjecting Defendant to liability for its agent's conduct under the doctrine of *respondeat superior*.

75. Alternatively, even if Plaintiff's supervisor did not act within the course and scope of his agency with Defendant, then Defendant is still liable for intentional infliction of emotional distress through the doctrine of ratification once complaints were made to Defendant, by failing to take sufficient remedial action.

76. As a proximate cause of the Defendant's intentional infliction of emotional distress, Plaintiff suffered significant damages.

**WHEREFORE**, Plaintiff JACQUELINE CORREA demands judgment against Defendant PILLPACK LLC for all allowable damages, including nominal and compensatory damages; consequential damages; special damages including all past, present, and future medical, psychological/counseling, and pharmaceutical/medicinal damages as well as lost wages and income in the past and continuing into the future, and all other damages flowing from the Defendant's conduct; punitive damages, all taxable costs allowable by law, and pre-judgment and post-judgment interest, as appropriate; together with such other and further relief that this Court deems just and proper.

## COUNT IV

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

77. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 47 as if fully set forth herein.

78. Defendant had a duty to treat Plaintiff in a professional and nondiscriminatory manner in the workplace, to supervise her appropriately, and to ensure a safe working environment.

79. Defendant breached this duty by negligently inflicting severe emotional distress upon Plaintiff.

80. In forcing Plaintiff to perform, while pregnant, manual labor and other physically strenuous activities, outside the parameters of the job for which she was initially

hired, Defendant engaged in conduct which included physical impact to Plaintiff in that it constituted an outside force or substance to touch or enter into the plaintiff's body.

81. Additionally, and/or alternatively, Plaintiff experienced physical symptoms that were associated with the emotional distress.

82. Plaintiff has suffered severe emotional distress and psychological harm as a consequence of Defendant's negligent infliction of emotional distress, and the physical impact associated therewith.

83. In committing these acts against Plaintiff with particularly egregious and outrageous circumstances, Defendants engaged in conduct which it knew or should have known would lead to severe emotional distress to Plaintiff.

84. Defendant's conduct was outrageous, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community.

85. Defendant's conduct was the actual and reasonably foreseeable cause of severe emotional distress, psychological damage, and associated harm to Plaintiff.

86. Plaintiff's supervisor's actions that constituted intentional infliction of emotion distress against Plaintiff were made within the course and scope of his agency with Defendant, thereby subjecting Defendant to liability for its agent's conduct under the doctrine of *respondeat superior*.

87. Alternatively, even if Plaintiff's supervisor did not act within the course and scope of his agency with Defendant, then Defendant is still liable for intentional infliction of emotional distress through the doctrine of ratification once complaints were made to Defendant, by failing to take sufficient remedial action.

88. As a proximate cause of the Defendant's negligent infliction of emotional distress, Plaintiff suffered significant damages.

**WHEREFORE**, Plaintiff JACQUELINE CORREA demands judgment against Defendant PILLPACK LLC for all allowable damages, including nominal and compensatory damages; consequential damages; special damages including all past, present, and future medical, psychological/counseling, and pharmaceutical/medicinal damages as well as lost wages and income in the past and continuing into the future, and all other damages flowing from the Defendant's conduct; punitive damages, all taxable costs allowable by law, and pre-judgment and post-judgment interest, as appropriate; together with such other and further relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

89. Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

**THE BURTON FIRM, P.A.**
*Counsel for Plaintiff Jacqueline Correa*
2875 N.E. 191st Street, Suite 403
Aventura, Florida 33180
P: 305-705-0888 | F: 305-705-0008
pleadings@theburtonfirm.com
rb@theburtonfirm.com
mburton@theburtonfirm.com

By: /s/ Marc A. Burton
    Richard J. Burton   Fla. Bar No. 179337
    Marc A. Burton   Fla. Bar No. 95318